JOSEPH L. BERGER and Others, Respondents, *v.* BERTRAND L. PREMO and HERMAN STRAUSS, Appellants.

Supreme Court, Appellate Term, First Department, October Term — Filed November, 1922.

**Practice — calendar practice — attorney having engagement in Appellate Division entitled to adjournment in Municipal Court.**

A cause in a Municipal Court having been reached for trial defendant's counsel upon the court's denial of his request for an adjournment on the ground that he expected to argue an appeal in the Appellate Division that afternoon, which he did, urged that under rule III of the Rules of the Supreme Court, First Judicial District, Trial Term, he was entitled to the adjournment as matter of right. An inquest was taken. *Held,* that an order denying defendant's motion to open the default and the judgment taken thereon will be reversed.

APPEAL by defendants from order denying their motion to procure the opening of a judgment taken against them by default.

*Adolph Hirsch Rosenfeld,* for appellants.

*Frederick W. Sperling,* for respondents.

MULLAN, J.   When the case was reached on the trial calendar, defendants' counsel requested an adjournment upon the ground that he expected to argue an appeal at the Appellate Division on the afternoon of that day.   (He did argue that appeal on that day.) The adjournment was denied, the court stating that as it was then early in the forenoon, and as the case appeared to be triable within two hours, at the most, defendants' counsel would have ample time, after the trial of the action, to repair to the court house of the Appellate Division.   Defendants' counsel unsuccessfully urged that he was entitled, as matter of right, to an adjournment under that provision of rule III of the Rules of the Supreme Court, First Judicial District, Trial Term, reading as follows: " If it shall appear by affidavit to the satisfaction of the court that counsel who is to try any cause on a Day Calendar expects to argue a cause on a Day Calendar of the Supreme Court of the United States, or the Court of Appeals of the State of New York, or the United

States Circuit Court of Appeals, or any Appellate Division of the Supreme Court, or is actually engaged in the trial of a cause in a Federal or State Court of record (except the Municipal Court) sitting in the counties of New York, Bronx, Kings, Queens, Nassau and Richmond, the cause shall be adjourned until such argument or trial is concluded, unless the trial in which the counsel is engaged is likely to be protracted."

An inquest was taken, and the defendants' motion to open the default was denied. We are of the opinion that the motion should have been granted. Although the rule in question applies, in terms, only to actions in the Supreme Court, the reason for the rule, and its wisdom, makes its applicability to actions in the Municipal Court so obvious that a statement of that reason appears to us to be unnecessary.

Order reversed, default opened, judgment vacated, with ten dollars costs to appellants to abide the event. Case to be placed on the general calendar.

GUY and BIJUR, JJ., concur.

Order reversed.